UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MICHAEL R. WEATHERFORD,

    Petitioner,

v.    Case No. 2:03-cv-272
    HON. ROBERT HOLMES BELL

BARBARA BOUCHARD,

    Respondent.
_____/

## REPORT AND RECOMMENDATION

Petitioner Michael Raymond Weatherford, serving a life sentence for assault with intent to commit murder, habitual third, filed this petition for writ of habeas corpus challenging the validity of his major misconduct finding of guilt for assault resulting in serious physical injury.

Petitioner maintains that his misconduct conviction was obtained in violation of his federal rights. The respondent has filed an answer and has complied with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts. The parties have briefed the issues and the matter is now ready for decision. In accordance with 28 U.S.C. § 636(b), authorizing United States Magistrate Judges to submit proposed findings of fact and recommendations for disposition of prisoner petitions, I am recommending that this petition for writ of habeas corpus be denied.

On January 4, 2001, inmate Chester Hardy was stabbed numerous times in the neck. His wounds required hospitalization and surgery. Petitioner was implicated in the stabbing. Petitioner was found in the bathroom in his unit. Blood was found in the bathroom, on the stairs and in the hallway. There was a hat with blood stains on it in the trash can in the bathroom. Petitioner

was found guilty after a misconduct hearing was held on January 11, 2001. Petitioner appealed and was granted a rehearing because the victim had not signed the statement taken from a staff inspector. After rehearing on March 20, 2001, petitioner was found guilty. Petitioner was denied a second rehearing. Petitioner then filed a petition for judicial review in the Ingham County Circuit Court. The petition was denied. Petitioner filed an application for leave to appeal in the Michigan Court of Appeals which was denied on May 29, 2002. The Michigan Supreme Court denied petitioner's delayed application for leave to appeal.

> Petitioner has raised the following issues in his petition:
>
> I. The respondents violated petitioner's Fifth "double jeopardy" and Fourteenth "due process" amendment rights by holding a second hearing on an offense which was dismissed at the first hearing by law.
>
> II. The lower courts denied petitioner the right to remain silent without fear of retaliation under the Fifth Amendment.
>
> III. The lower courts abused their discretion in finding that the respondent placed competent, material and substantial evidence on the record.
>
> IV. The respondents denied petitioner to obtain appellant counsel for filing judicial review under MCL 791.255.

Petitioner has filed a motion to withdraw issue number IV because that issue was never exhausted in the state courts. It is recommended that the court grant that motion (docket #18).

In April of 1996, the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) became effective. Because this petition was filed after the effective date of the AEDPA, this Court must follow the standard of review established in that statute. Pursuant to the AEDPA, an application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an

- 2 -

unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d).

The AEDPA limits the source of law to cases decided by the United States Supreme Court. 28 U.S.C. § 2254(d). This provision marks a "significant change" and prevents the district court from looking to lower federal court decisions in determining whether the state decision is contrary to, or an unreasonable application of, clearly established federal law. *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998). To justify a grant of habeas corpus relief under this provision of the AEDPA, a federal court must find a violation of law "clearly established" by holdings of the Supreme Court, as opposed to its dicta, as of the time of the relevant state court decision. *Williams v. Taylor*, 529 U.S. 362 (2000). Recently, the Supreme Court held that a decision of the state court is "contrary to" such clearly established federal law "if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts." *Id.* at 413. A state court decision will be deemed an "unreasonable application" of clearly established federal law "if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* A federal habeas court may not find a state adjudication to be "unreasonable" "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 411. Rather, the application must also be "unreasonable." *Id.* Further, the habeas court should not transform the inquiry into a subjective one by inquiring whether all reasonable jurists would agree that the application by the state court was unreasonable. *Id.*

(disavowing *Drinkard v. Johnson*, 97 F.3d 751, 769 (5th Cir. 1996)).  Rather, the issue is whether the state court's application of clearly established federal law is "objectively unreasonable." *Id.*

The AEDPA requires heightened respect for state factual findings. *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998).  The habeas corpus statute has long provided that the factual findings of the state courts, made after a hearing, are entitled to a presumption of correctness.  This presumption has always been accorded to findings of state appellate courts, as well as the trial court.  *See Sumner v. Mata*, 449 U.S. 539, 546 (1981); *Smith v. Jago*, 888 F.2d 399, 407 n.4 (6th Cir. 1989), *cert. denied*, 495 U.S. 961 (1990).  Under the AEDPA, a determination of a factual issue made by a state court is presumed to be correct.  The petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence.  28 U.S.C. § 2254(e)(1); *see also Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998), *cert. denied*, 577 U.S. 1040 (1999).

Petitioner is not entitled to habeas relief because his misconduct hearing did not violate the constitution.  A federal court may not issue a writ of habeas corpus on the basis of a perceived error of state law. *Pulley v. Harris*, 465 U.S. 37, 41 (1984); *Engle v. Isaac*, 456 U.S. 107, 119 (1982); *Smith v. Sowders*, 848 F.2d 735, 738 (6th Cir. 1988), *cert. denied* 488 U.S. 866 (19 ). Under Michigan law a prisoner is entitled to notice of a hearing, and the opportunity to present evidence and arguments.  M.C.L. § 791.252.  A hearing officer is not bound by state or federal evidentiary rules, but rather may consider "evidence of the type commonly relied upon by reasonably prudent persons in the conduct of their affairs."  *Id.*  Further, a hearing officer may deny a prisoner access to evidence that may pose a security concern if disclosed.  *Id.*  Petitioner has failed to show that his constitutional rights were violated at his misconduct hearing.

Moreover, the hearing officer's conclusion that Petitioner was guilty of the misconduct charge was supported by the record.  The hearing officer explained:

- 4 -

IDENTIFICATION: Prisoner objected that Hardy should not be allowed to testify as to identity because Hardy would simply be repeating what he was told. There is more than enough evidence to find that Hardy correctly identified Weatherford as the assailant. Weatherford admitted at his hearing that he and Hardy have known each other for an extended period of time - he claims for three years as workers at hobbycraft. Clearly by now Hardy should know Weatherford. He may not have known him by his last name, but he certainly would be able to identify him from a photo.

CHANGE OF CHARGE: Prisoner claims that the prior hearing officer changed the charge from assault to dangerous contraband. She did not. She made an error on the CMIS code on the findings, but reading through the hearing report, it is clear that she found him guilty of assault - not of dangerous contraband. Prisoner was not found guilty of charge changed by the hearing officer.

TIME LIMITS: Despite the prisoner's claims to the contrary, there are no time limits in which a rehearing must be held so long as the hearing is held in a timely manner and the prisoner suffers no prejudice. Prisoner was given notice on 3/1 and the hearing was started on 3/15/01 and finished on 3/20/01. Prisoner did not establish prejudice. No error.

INVESTIGATION: Prisoner was not denied an investigation. He was afforded an investigation when the misconduct was originally held and then on rehearing. He did not make any requests of the rehearing investigator nor did he request anything at the hearings on rehearing.

CONFIDENTIAL: Hardy's statement is not being held confidential. It makes little sense to hold this statement confidential when identification was based on Hardy's statement and when the investigation refers to this fact throughout the investigation.

ASSAULT: On 1/4/01 the prisoner stabbed/slashed Hardy in the neck. This non-consensual contact was done intentionally and with the intent to cause serious physical injury since a weapon was used on Hardy's neck. Hardy's injuries required admission to the hospital and surgery. Prisoner claims he did not assault Hardy. He is not believed. First, the prisoner admits he was at hobbycraft at the time of the incident. He was present. Second, Hardy described the prisoner and identified him from a photo line up. His identification is credible due to the length of time that Hardy and the prisoner have known each other from hobbycraft. Third, when staff arrived at the prisoner's unit, the prisoner was in the bathroom. There was blood

>in the bathroom, on the stairs in the unit, and blood in the hallway outside of the bathroom. There also was a hat which appeared to have blood on it in the bathroom's trash can. This blood would be consistent with the prisoner coming to his unit and cleaning up in the bathroom after the assault. Fourth, there had been problems between the prisoner and Hardy in the past. Fifth, the prisoner gave no explanation as to his activities in hobbycraft at the time of the incident and had no explanation for the blood that was found in the bathroom. Sixth, there is no known reason for Hardy to lie about the identi[t]y of his assailant. It also is not plausible that Hardy would not know his assailant when he was able to identify him immediately after the assault and had known the prisoner for an extended period of time. Hardy is credible in his claims as to what happened and who did it. His written statement is credible. Charge upheld.

It is clear that Petitioner received due process of law, and that he cannot support any claim that his constitutional rights were violated during the misconduct hearing. Prison inmates subject to serious disciplinary action are entitled to (1) 24 hours advance written notice of the charges; (2) an opportunity to appear at a hearing, to call witnesses, and present rebuttal evidence when permitting the inmate to do so will not be unduly hazardous to institutional safety; and (3) a written statement by the factfinders as to the evidence relied upon for their decision which includes a statement as to the reasons for the decision. *Wolff v. McDonnell*, 418 U.S. 539, 564-66 (1974). If the prisoner received these procedural protections, and if there were "some facts" to support the decision of the hearings officer, then the prisoner received all the process to which he was due. *Superintendent of Massachusetts Institute, Walpole v. Hill*, 472 U.S. 445 (1985). Petitioner has failed to show that his constitutional rights were denied.

More specifically, petitioner claims that the rehearing on the misconduct charges violate double jeopardy. Plaintiff maintains that his Fifth Amendment double jeopardy rights were violated when he received a rehearing because the witness had not signed the officer's statement that was used in the first hearing. The Double Jeopardy Clause of the Fifth Amendment precludes

- 6 -

successive state proceedings that are essentially criminal in nature. *Breed v. Jones*, 421 U.S. 519, 527-528 (1974). In *Breed*, the Court noted that criminal proceedings impose heavy pressures and burdens on a person charged. *Id.* at 529-530. The purpose of the Double Jeopardy Clause is to ensure that a person not be subject to such a proceeding more than once for the same offense. *Id.* at 530. The Double Jeopardy Clause does not prohibit the imposition of any additional sanction that could, in common parlance, be described as punishment. The Clause protects only against the imposition of multiple criminal punishments for the same offense. . .and then only when such occurs in successive proceedings. *Hudson v. United States*, 522 U.S. 93, 118 S.Ct. 488, 493 (1997). The classification of a prison inmate for security purposes cannot implicate the Double Jeopardy Clause, because prisoner classification is not a criminal punishment. *Hewitt v. Helms*, 459 U.S. 460, 468 (1983).

Petitioner claims that his right to remain silent was used against him in the prison disciplinary proceeding. The Fifth Amendment also protects a person's right against self-incrimination. *Baxter v. Palmigiano*, 425 U.S. 308, 316 (1975). A prisoner may remain silent when charged with a prison rule infraction, but his silence during a prison disciplinary hearing may be weighed against him in determining his guilt. *Id.* at 316-319. Petitioner has failed to show a violation of his rights. More importantly, petitioner has failed to show that the state court decision was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

In summary, the undersigned concludes that petitioner's claims are without merit and therefore recommends that this Court dismiss the petition with prejudice. It is further recommended that the court grant petitioner's motion to withdraw claim IV (docket #18).

In addition, if petitioner should choose to appeal this action, I recommend that a certificate of appealability be denied as to each issue raised by the petitioner in this application for habeas corpus relief. Under 28 U.S.C. § 2253(c)(2), the court must determine whether a certificate of appealability should be granted. A certificate should issue if petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, the undersigned has examined each of petitioner's claims under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." The undersigned concludes that reasonable jurists could not find that a dismissal of each of petitioner's claims was debatable or wrong. Petitioner received an appropriate misconduct hearing which did not violate his constitutional rights. Therefore, the undersigned recommends that the court deny petitioner a certificate of appealability.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within ten days of your receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich.

LCivR. 72.3(b).  Failure to file timely objections constitutes a waiver of any further right to appeal those issues or claims addressed or resolved as a result of the Report and Recommendation.  *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985).

      /s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated:   November 28, 2005